**LILLIAN B., a minor child, by and through her father and legal guardian, Richard BROWN, Plaintiff–Appellant,**

v.

**GWINNETT COUNTY SCHOOL DISTRICT, Defendant–Appellee.**

**No. 15–12159**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 19, 2015.

---

---

Ralph Goldberg, Laurene C. Cuvillier, Goldberg & Cuvillier, PC, Tucker, GA, for Plaintiff–Appellant.

Elizabeth Ann Fisher Kinsinger, Hayden Blake Headley, E.L. Victoria Sweeny, Thompson Sweeny Kinsinger & Pereira, PC, Lawrenceville, GA, for Defendant–Appellee.

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The question presented in this appeal is whether a district court may grant a Rule 12(c) motion made before the pleadings are closed. The first five words of Rule 12(c) make clear that the answer is no.

The facts of this case, as drawn from the complaint, are straightforward. Richard Brown's six-year-old daughter, Lillian, attends school in the Gwinnett County School District. Lillian suffers from extreme food allergies. Her allergies are so bad that her parents don't want her eating the school meals prepared by the District. Instead, each day, they prepare a homemade, allergen-free lunch for her to eat at school. The homemade meal gets cold before lunchtime, meaning it's unappetizing and potentially unsafe by the time Lillian has a chance to eat it. To address that problem, Richard asked the District to heat Lillian's meals before lunchtime—even volunteering to buy the District a microwave for that purpose. The District refused. After negotiations with the District went nowhere, Richard filed a complaint in federal district court alleging that the District's conduct violated his daughter's rights under the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973.

Instead of filing an answer, the District twice moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), first for failing to state a claim, then on the ground that the district court lacked jurisdiction over the case. The court denied both motions, but expressly invited the District to move for judgment on the pleadings under Rule 12(c). The District promptly filed a motion for judgment on the pleadings, which the court granted. The Browns timely appealed that order.

The district court erred in granting the District's motion for judgment on the pleadings because, when the District made

the motion, the pleadings weren't yet closed. By the plain language of Rule 12(c), a party may not move for judgment on the pleadings until "[a]fter the pleadings are closed." The pleadings are closed only when a complaint and answer have been filed.[1] *See* Fed.R.Civ.P. 7(a). The District hadn't filed an answer when it moved for judgment on the pleadings, so the pleadings weren't closed at that time. Because a party may not move for judgment on the pleadings until the pleadings are closed, the district court should have denied the District's Rule 12(c) motion as procedurally premature.

The District contends that, even if the motion was premature under Rule 12(c), the district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Appellee's Br. at 4 (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991).) Maybe so, but the district court's inherent authority does not authorize it to disregard express limitations or conditions contained in the Federal Rules of Civil Procedure. As the Supreme Court has explained, those rules are "as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard [a Rule's] mandate than they do to disregard constitutional or statutory provisions." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 255, 108 S.Ct. 2369, 2373–74, 101 L.Ed.2d 228 (1988).

But, argues the District, if a complaint is deficient on its face, why force a defendant to file an answer before the district court may dismiss the complaint under Rule 12(c)? The short answer is because that's what Rule 12(c) unambiguously requires. The slightly less-short answer is that the District's reading of Rule 12(c) would render Rule 12(b)(6) superfluous, and superfluity is "disfavored by our can-

ons of statutory (or here rule) interpretation." *Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1191 (11th Cir.2013).

We recently explained the rationale underlying Rule 12(c)'s timing requirement.

Federal Rule of Civil Procedure 12(c) ... provides "a means of disposing of cases when ... a judgment on the merits can be achieved by focusing on the content of the *competing* pleadings...." 5C Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1367 (3d ed.2004) (emphasis added). When only a single pleading has been filed, "competing pleadings" do not exist, so a motion for judgment on the pleadings is not appropriate. *Cf. id.* at 211 n. 10 (compiling case law demonstrating that judgment on the pleadings is proper after the defendant has answered).

Rule 12(c) incorporates this principle by permitting motions for judgment on the pleadings only after the pleadings have "closed."

*Perez v. Wells Fargo N.A.,* 774 F.3d 1329, 1336 (11th Cir.2014). Other federal courts of appeals to consider the issue have adopted essentially the same position for essentially the same reason. *See, e.g., Doe v. United States,* 419 F.3d 1058, 1061–62 (9th Cir.2005); *Healthcare Ass'n of New York State, Inc. v. Pataki,* 471 F.3d 87, 94 (2d Cir.2006).

Having concluded that the district court erred, as a procedural matter, in granting the District's Rule 12(c) motion, we need not address the Browns' other arguments. The district court's judgment is **VACATED** and the case is **REMANDED** for further proceedings consistent with this opinion.

---

1. At least where, as here, neither party counter- or cross-claims.